## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02109-WYD-BNB

**ANTHONY WALLER**,

      Plaintiff,

v.

**CITY and COUNTY of DENVER**, a municipal corporation,
**BRADY LOVINGIER**, individually and in his official capacity,
**GINA MCCALL**, individually and in her official capacity.

      Defendants.

---

## PROTECTIVE ORDER

---

The Court hereby enters this Protective Order pursuant to Fed.R.Civ.P. 26(c) and orders as follows:

1.      In this action, it is anticipated that the Parties will disclose and/or seek Confidential Information ~~(as defined in paragraph 3 below).  The Parties also anticipate that they will seek additional information that the opposing Party(ies) may deem to be Confidential Information during all aspects of discovery.~~ The disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.

2.      ~~Defendants the City and County of Denver and Captain Gina McCall request that the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.~~ Any information designated by a Party as

Confidential must be reviewed by counsel who will certify that the designation as Confidential is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7) **or otherwise involves common law or statutory privacy interests**.

3.      "Confidential Information" means any document, file, portions of files, transcribed testimony, disclosures, response to a discovery request, including any extract, abstract, chart, summary, note or copy made therefrom and designated by one of the parties in the manner provided in paragraph 4 below as containing Confidential Information, ~~including, but not limited to:~~

~~a.      Plaintiff's personnel, medical, mental health records or other confidential records of the Plaintiff;~~

~~b.      Plaintiff's employment, tax and/or financial records;~~

~~c.      Plaintiff's juvenile and/or sealed arrest and/or criminal history records;~~

~~d.      The personnel, employment, internal affairs investigation and discipline records and/or files of any party or third-party.~~

4.      Where Confidential Information is produced, provided or otherwise disclosed by a Party in the course of this case, it will be designated in the following manner:

a.      By imprinting the word "Confidential" on the first page or cover of any document produced or otherwise imprinting the word "Confidential" on each page in such a manner as not to obscure the text of the document;

2

b. By imprinting the word "Confidential" next to or above any response to a discovery request; or

c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

5. All Confidential Information disclosed by a Party or provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed by the recipient of the Confidential Information.

6. Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action and their undersigned counsel, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

7. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall retain the original affidavits signed by qualified recipients of confidential information and shall maintain a list of all persons to whom

3

any Confidential Information is disclosed.

8.      During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 6 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure.  If a Party disagrees with the other Party's showing of substantial need, then a Party may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

9.      No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

10.     During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above, except that copies of Confidential Information may be retained by experts, consultants or representatives of the Parties during the pendency of this case.

11.     A Party may object to the designation of particular Confidential Information by giving written notice to the Party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the

4

motion.  If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order.  In connection with a motion filed under this provision, the Party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

12.     **Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.**  ~~In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2.~~

13.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

14.     The Parties have adopted no position as to the authenticity or admissibility of documents produced subject to this Protective Order.  Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

15.     The terms and conditions in this Protective Order survive the termination of this litigation.  Any Party in possession of Confidential Information shall notify the producing Party that they have destroyed the Confidential Information or shall return to the producing Party all Confidential Information provided subject to this Protective Order within 60 days of the conclusion of this litigation, except as otherwise provided at ¶18.

16.     Nothing in this Protective Order shall preclude any Party from filing a motion

seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of

Civil Procedure, or from filing a motion with respect to the manner in which Confidential

Information shall be treated at trial.

17.   Nothing in this Protective Order shall relieve any Party of its obligation under

Fed. R. Civ. P. 26(b)(5).

18.   Notwithstanding any provision to the contrary, all such material obtained,

including copies or summaries shall be maintained in a secure manner and eventually destroyed

as follows:

      a.   Records retained by counsel shall be destroyed in accordance with

counsel's regular business practices for destruction of client files unless a

hold order from another court reasonably requires a longer retention

period.

      b.   Records retained by Defendants' liability carriers (if any) shall be

destroyed

at the earliest date that is in accordance with insurance regulations, hold

orders issued by other courts, statutory requirements and the insurance

carriers' regular business practices.

      c.   Records retained by Defendants' liability carriers and by counsel shall be

retained as required by court order, insurance regulation or statutory

obligation.

DATED January 21, 2015.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

*EXHIBIT A*

**AFFIDAVIT**

STATE OF                          )
                                 )ss
COUNTY OF                         )

_____, swears or affirms and states under penalty of perjury:

1.      I have read the Protective Order in *Waller v. City and County of Denver, et. al.,* Civil Action No. 14-cv-02109-WYD-BNB, a copy of which is attached to this Affidavit.

2.      I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3.      I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order.  I will not use the Confidential Information for any purpose other than this litigation.

4.      For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.      I will abide by the terms of the Protective Order.

_____
(Signature)
_____
(Print or Type Name)
Address:
_____
_____
Telephone No.: (_____) _____

***SUBSCRIBED AND SWORN*** to before me this _____ day of _____, 201__ by _____.

WITNESS my hand and official seal.

_____

8

Notary Public
My commission expires:_____

[SEAL]