IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   14-cv-02109-WYD-NYW

ANTHONY WALLER,

    Plaintiff,

v.

CITY and COUNTY of DENVER, a municipal corporation,
BRADY LOVINGIER, individually and in his official capacity,
GINA MCCALL, individually and in her official capacity,

    Defendants.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

    This matter is before me on the following: (1) Defendant Brady Lovingier's Motion to Dismiss (ECF No. 21); (2) Defendants City and County of Denver and Gina McCall's Motion to Dismiss (ECF No. 22); (3) Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 46); and (2) the Recommendation of United States Magistrate Judge (ECF No. 88).  The Plaintiff filed an objection (ECF No. 96) to the recommendation.  A response and reply were also filed.  As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the Plaintiff objects and I have considered carefully the recommendation, the objections, and the applicable case law.  Accordingly, I overrule the objection and affirm and adopt the recommendation.

In his original Complaint, the Plaintiff alleges that he suffered serious injuries when he was assaulted by Defendant Lovingier, a deputy sheriff employed by the Denver Sheriff's Department.  As the Magistrate Judge thoroughly detailed in her recommendation, the Plaintiff was in pretrial detention when he was allegedly assaulted during an advisement hearing before Judge Doris Burd of the Denver County Court. (Recommendation at 2-6).  Based on these allegations, Plaintiff asserted four claims for relief pursuant to 42 U.S.C. § 1983 and a fifth conspiracy claim asserted pursuant to both 42 U.S.C. §§ 1983 and 1985.  As a result of this event, Plaintiff seeks injunctive relief against the Denver Sheriff's Department.  (Recommendation at 4-6).

Also pending before me is Plaintiff's motion for leave to amend his original Complaint.  As the Magistrate Judge fully explained in the recommendation, Plaintiff seeks to remove factual allegations of excessive force by the Denver Police Department related to Claim I in the original Complaint; add factual material to support Plaintiff's claims for malicious prosecution (Claim IV) and conspiracy (Claim V); add Christopher Colbruno as a party Plaintiff; add a First Amendment retaliation theory of recovery; and supplement allegations in support of Plaintiff's *Monell* claims.  (Recommendation at 6-7).

After holding a hearing where both parties appeared in person and argued their positions, the Magistrate Judge issued her recommendation. Specifically, the Magistrate Judge recommends that: (1) Plaintiff's motion to amend to add Mr. Colbruno as a plaintiff be denied because the "new allegations plainly do not arise out of the same transaction, occurrence, or series of transactions or occurrences ... " and that

"adjudicating Mr. Colbruno's claims in this proceeding threatens to multiply the burdens of this litigation, and could pose a risk of undue prejudice to the existing Defendants, particularly the individually named Defendants Lovingier and McCall, if the disparate claims asserted by Plaintiff and Mr. Colbruno are tried together" (Recommendation at 12); (2) Plaintiff's *Monell* Claims against the City be dismissed for failure to provide "sufficient factual support for his conclusory statements in either the Original or Proposed Amended Complaint to overcome the City's Motion to Dismiss and Opposition to the Motion for Leave to Amend with respect to deficient policies or practices with respect to hiring, training, supervising, or disciplining" (Recommendation at 12-15); (3) Plaintiff's excessive force claim be dismissed, but that Plaintiff "be granted leave to amend his Original Complaint in a form clarifying that Mr. Waller had been arrested without a probable cause determination, and that no such determination had been made prior to the September 11, 2012 incident" (Recommendation at 15-16); (4) Plaintiff's retaliation claim be dismissed for failure to "allege any facts to support a policy or procedure resulting in First Amendment violations by the City" but that "Plaintiff's Motion for Leave to Amend with respect to Claim II be granted only insofar as Plaintiff be permitted to assert such Second Claim against Defendant Lovingier based on a violation of Mr. Waller's First Amendment rights" (Recommendation at 16-17); (5) Plaintiff's malicious prosecution claim be dismissed because "there are no allegations that would suggest Mr. Waller's seizure was renewed or prolonged by the purported malicious prosecution complained of" (Recommendation at 17-18); (6) Plaintiff's conspiracy claims be dismissed for failure to aver adequate allegations

(Recommendation at 19-20); and (6) Plaintiff's request for injunctive relief be dismissed for failure to "allege an imminent harm of threat to himself." (Recommendation at 21).

In her recommendation, the Magistrate Judge analyzes thoroughly each of the Plaintiff's claims and applies correctly the legal standards applicable to both a motion to dismiss and a motion for leave to file an amended complaint. Based on the controlling law, I find that the exhaustive analysis, conclusions, and recommendations of the Magistrate Judge are correct and well supported. In his objection, the Plaintiff argues that the Magistrate Judge placed too great of a burden on him in pleading his various claims. He further alleges that she "cherry-pick[ed] [] language in Plaintiff's Complaint while ignoring wholesale paragraphs... ." (Objection at 13-14). Based on my careful review of the allegations in the Complaint and the proposed Amended Complaint, I disagree and conclude that the arguments asserted by the Plaintiff in his objection are incorrect.

Additionally, I note that Plaintiff also objects to the portion of the recommendation that Plaintiff's malicious prosecution claim be dismissed, arguing that the Magistrate Judge improperly applied the law. (Objection at 22-27). Plaintiff asserts a claim for malicious prosecution under the Fourth Amendment. To maintain a malicious prosecution claim under § 1983, a plaintiff must demonstrate the elements of a common law claim and show that his Fourth Amendment right to be free from unreasonable search and seizure has been violated. *See Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996). "To state a claim under the Fourth Amendment, a plaintiff must show both that a seizure occurred and that the seizure was unreasonable. Violation of the

Fourth Amendment requires an intentional acquisition of physical control. A seizure occurs even when an unintended person or thing is the object of the detention or taking, but the detention or taking itself must be willful." *Turner v. Schultz*, 130 F. Supp. 2d. 1216, 1225 (D.Colo. 2001) (finding that since Mr. Turner was already effectively "seized," throughout the time period in question, it is doubtful whether the additional prosecution could result in an actionable seizure) (internal quotations and citations omitted). Here, the Magistrate Judge found that since the Plaintiff "was already arrested and detained on other charges throughout the duration of the malicious prosecution alleged, ... there are no allegations that would suggest that Mr. Waller's seizure was renewed or prolonged by the purported malicious prosecution complained of." (Recommendation at 18). Citing *Walton v. Gomez (In re Estate of Booker)*, 745 F.3d 405, 419 (10th Cir. 2014), Plaintiff argues he was not an "incarcerated prisoner," but rather an "arrested detainee" when the alleged seizure took place. (Objection at 26-27). I am not persuaded that *Gomez* is applicable to the facts of this case. *Gomez* concerns issues related to excessive force claims, not malicious prosecution. Thus, I cannot say that the Magistrate Judge's conclusions were incorrect as it relates to this matter. Accordingly, it is

     ORDERED that the Recommendation of United States Magistrate Judge (ECF No. 88), is **AFFIRMED** and **ADOPTED** as an order of this court. It is

     FURTHER ORDERED that Defendants McCall and the City and County of Denver's Motion to Dismiss (ECF No. 22) is **GRANTED.** It is

     FURTHER ORDERED that Defendant Brady Lovingier's Motion to Dismiss (ECF

No. 22) is **GRANTED**.  It is

FURTHER ORDERED that Plaintiff's Motion for Leave of Court to File Amended Complaint (ECF No. 46) is **GRANTED IN PART**, and **DENIED IN PART**, to the extent that Plaintiff is granted leave to amend his original Complaint to assert claims pursuant to 42 U.S.C. § 1983, in the form asserted in the Proposed Amended Complaint, as follows:

   a. Paragraphs 52, 59-73 and 75-103 of Plaintiff's Original Complaint are stricken;

   b. With respect to Claim I against Defendant Lovingier, including additional factual allegations in support of his claim for excessive force, and clarifying that Mr. Waller had been arrested without a probable cause determination, and that no such determination had been made prior to the September 11, 2012 incident;

   c. With respect to Claim II against Defendant Lovingier, based on a purported First Amendment violation; and

Plaintiff is **ORDERED** to tender a Second Amended Complaint no later than **September 28, 2015** with two counts of constitutional violations pursuant to 42 U.S.C. § 1983 against Defendant Lovingier, one for excessive force and one for retaliation based the exercise of First Amendment rights limited to the facts as asserted by the Proposed Amended Complaint.

   Dated:  September 11, 2015

                                         BY THE COURT:


                                         /s/ Wiley Y. Daniel
                                         WILEY Y. DANIEL,
                                         SENIOR UNITED STATES DISTRICT JUDGE