IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action 1:14-cv-02109-WYD-NYW

ANTHONY WALLER,

         Plaintiff,

v.

BRADY LOVINGIER, in his individual capacity,[1]

         Defendant.

---

**ORDER**

---

Magistrate Judge Nina Y. Wang

       This matter comes before the court on Defendant Brady Lovingier's ("Defendant")
Motion to Compel Fed. R. Civ. P. 35 Examination ("Motion for an IME") [#151, filed Mar. 10,
2016] and Defendant Brady Lovingier's Second Motion to Modify the Scheduling Order
Regarding Rebuttal Expert Disclosures ("Second Motion for Extension of Rebuttal Expert
Deadline") [#155, filed Mar. 21, 2016]. These motions were referred to the undersigned

---

[1] Although the Second Amended Complaint names Defendant Lovingier in his individual and
official capacity as a deputy sheriff of the City and County of Denver, Senior Judge Daniel
granted the City and County of Denver's Motion to Dismiss, which dismissed the injunctive
relief sought by Plaintiff. [#117]. In the Second Amended Complaint, Plaintiff pleads two
claims pursuant to 42 U.S.C. § 1983, one for excessive force in violation of the Fourth
Amendment, and one for violation of his First Amendment rights; there is no demand for
injunctive relief and no claim left against the municipality. [#121]. It is well-settled that
"[o]fficial-capacity suits, in contrast, 'generally represent only another way of pleading an action
against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66
(1985) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690, n.55 (1978)).
The Supreme Court further explained that "an official-capacity suit is, in all respects other than
name, to be treated as a suit against the entity." *Id.* (citation omitted). It is not a suit against the
official personally, for the real party in interest is the entity. *Id.* Because the court has dismissed
all municipality claims against the City and County of Denver, the appropriate remaining
defendant is Brady Lovingier, solely in his individual capacity.

Magistrate Judge pursuant to the Order of Reference dated July 30, 2014 [#5], the Reassignment dated February 10, 2015 [#84], and the Memoranda dated March 11, 2016 [#152] and March 21, 2016 [#156].   The court has reviewed the Parties' briefing, including Plaintiff's Response in Opposition to Defendant Brady Lovingier's Motion to Compel Fed. R. Civ. P. 35 Examination [#154], the entire docket, and the applicable case law.  For the reasons set forth herein, this court hereby: (1) **DENIES AS MOOT** Defendant Brady Lovingier's ("Defendant") Motion to Compel Fed. R. Civ. P. 35 Examination [#151]; and (2) **GRANTS** Defendant Brady Lovingier's Second Motion to Modify the Scheduling Order Regarding Rebuttal Expert Disclosures [#155].

## BACKGROUND

The court recently recounted the procedural history of this case in its Order dated March 8, 2016.  [#149].  The court repeats the previously-recited procedural history in this Order only to the extent necessary and pertinent to the present motions.

On August 14, 2015, Plaintiff filed a Motion for Extension of Time to Designate Affirmative Experts and to Extend Discovery Deadlines.  [#114].  In that Motion, Plaintiff sought an additional 120 days to designate affirmative experts after Senior Judge Daniel ruled on a pending Recommendation and Objection to that Recommendation and any remaining Defendants filed their answers. [*Id.*].  On August 21, 2015, this court granted Plaintiff's request to extend the expert deadline, setting the following deadlines: the affirmative expert deadline was set for December 17, 2015; the rebuttal expert deadline was set for January 15, 2016; and the discovery deadline was set for February 15, 2016.  [#116].  Senior Judge Daniel issued his Order adopting the Recommendation on September 11, 2015 [#117], and as a result, the Parties ultimately had almost 120 days from the court's order to designate affirmative experts.

The Parties propounded affirmative expert reports on February 1, 2016. [#140-1]. At that time, Plaintiff disclosed a report from Bennett I. Machanic, M.D. [*Id.* at 8]. In that report, Dr. Machanic opined that "The mental status is what is truly striking in spontaneous conversation suddenly without warning he begins crying and has actual tears. This occurs on multiple occasions and indeed very consistent not only with depression but also pseudobulbar affect disorder."[2] [*Id.* at 11]. Defendant contends, and Plaintiff has provided no evidence to dispute, that Mr. Waller's medical records produced prior to February 1, 2016 do not contain a diagnosis for pseudobulbar affect disorder. [#140 at ¶ 5, #143].

On February 19, 2016, prior to the deadline for exchanging rebuttal expert reports, Defendant moved the court for a modification of the Scheduling Order to extend the rebuttal expert deadline from March 1, 2016 to April 8, 2016 to allow for the designation of an expert "with experience in pseudobulbar affect disorder to review the file and complete an evaluation to determine if the medical history, neurologic injury and prior psychiatric history supports the diagnosis or if there are differential diagnosis issues that require evaluation." [*Id.* at 3]. Defendant also indicated that its expert, Dr. Hal S. Wortzel, intended to perform an independent medical examination of Plaintiff. [#140 at ¶ 6]. Plaintiff objected to the extension as prejudicial because: (1) it would extend the pretrial dates in this matter; (2) Defendant was diligent in pursuing an expert disclosure during the required time frame; and (3) Defendant did not properly seek an independent medical examination.

On March 8, 2016, this court issued an Order granting in part Plaintiff's motion for modification of the Scheduling Order regarding the deadline for rebuttal expert disclosures. *See*

---

[2] Pseudobulbar affect disorder is a neurological condition characterized in a patient as intermittent spasmodic outbursts of emotion at inappropriate times or in the absence of any particular provocation. *See Avanir Pharm., Inc. v. Actavis S. Atl. LLC*, No. CA 11-704-LPS, 2012 WL 6019095, at *6 (D. Del. Dec. 3, 2012).

[#149].  The court granted an extension of the rebuttal expert deadline from March 1, 2016 to

April 8, 2016, solely for the purpose of allowing Defendant's expert, Dr. Wortzel, to rebut the

expert opinions of Plaintiff's expert, Dr. Bennett I. Machanic.  However, the court found that

Defendant would be required to submit a separate motion that met the requirements of Fed. R.

Civ. P. 35 to the extent that Defendant would like its expert to perform an independent medical

examination ("IME") of Plaintiff.  *See* [#149 at 10].  The court directed Defendant to file any

such motion on or before March 10, 2016.

Currently pending before the court Defendant's Motion for an IME performed by Dr.

Wortzel [#151, filed Mar. 10, 2016] and Defendant Brady Lovingier's Second Motion to Modify

the Scheduling Order Regarding Rebuttal Expert Disclosures ("Second Motion for Extension of

Rebuttal Expert Deadline") [#155, filed Mar. 21, 2016].

## ANALYSIS

### I.      Defendant's Motion for an IME by Dr. Wortzel

On March 10, 2016, Defendant filed a Motion for an IME requesting, pursuant to Fed. R.

Civ. P. 35, that the court enter an order permitting Defendant's expert, Dr. Hal Wortzel, to

perform an approximately three-hour long neuropsychiatric examination on Plaintiff Anthony

Waller on March 25, 2016.  [#151 at 1-2].  Defendant represented that this examination was

necessary to rebut the opinion of Plaintiff's expert, Dr. Bennett Machinac, that Plaintiff has

developed a neurologic disorder described as pseudobulbar affect disorder.  *See* [#151 at 2-3].

Plaintiff filed a response in opposition to the First Motion for an IME on March 17, 2016.

[#154].  Plaintiff argued that the court should deny the motion because based on the examination,

the rebuttal expert will provide differential diagnosis that are, in essence, new opinions that are

improper as rebuttal opinions and instead should have been included in Defendant's affirmative

expert disclosures.  [#154 at 2].  Plaintiff also argued that Defendant's requested IME has a much broader scope than would be necessary if Defendant's expert's IME is for sole purpose of rebutting Plaintiff's expert's opinion on pseudobulbar affect disorder.  [#154 at 6].

As reflected in Defendant's March 21, 2016 Second Motion for Extension of Rebuttal Expert Deadline [#155], after Defendants filed the Motion for an IME to allow Dr. Wortzel to examine Mr. Waller, Dr. Wortzel identified a potential conflict that prevents him from acting as an expert in this case.  *See* [*id.* at 3].  Accordingly, because Dr. Wortzel will not be providing an expert report for Defendants in this case, the court DENIES Defendant's March 10, 2016 Motion for an IME as MOOT.

## II.     Defendant's Second Motion for Extension of the Rebuttal Expert Deadline

On March 21, 2016, Defendant filed a Second Motion for Extension of Rebuttal Expert Deadline.  [#155].  In this motion, as mentioned above, Defendant represents that Dr. Wortzel had identified a potential conflict that precludes him from serving as an expert in the present case.  *See* [#155 at 3].  In particular, Dr. Wortzel stated that it is clear that Mr. Waller is a veteran receiving treatment at the Denver Veteran's Administration ("VA"), and that due to the nature of his symptoms, diagnoses, and/or complaints, there is a substantial likelihood that he would be referred to one of the services that Dr. Wortzel directs.  [*Id.*].  Mr. Wortzel explained that due to the sub-specialty and niche nature of the work and services he provides, he is concerned that there would not be any other providers at the VA who could render similar services to Mr. Waller.  [*Id.*].

Due to Dr. Wortzel's recently-discovered unavailability, Defendant states that he has identified another expert, Dr. Stephen Moe, who has the qualifications and availability to provide a rebuttal opinion to the opinions expressed by Plaintiff's expert.  *See* [#155 at 4-5].  Defendant

states that Dr. Moe is available to complete an IME on Mr. Waller on Monday, April 11, 2016, and can provide a report by the end of that week. [*Id.*]. Accordingly, Defendants request a seven-day extension of the rebuttal expert deadline from April 8, 2016 to April 15, 2016. [*Id.*]. The Second Motion for Extension of Rebuttal Deadline reflects that the motion is being filed as expeditiously as possible, that defense counsel attempted to (but it appears did not) confer with Mr. Waller's counsel before the filing of the motion, and that "it is anticipated that Plaintiff's Counsel opposed the requested relief." [#155 at 1].

Defendant Lovingier's attempt to meet and confer on this particular motion and the relief sought herein appears deficient. Nevertheless, the court recognizes that the Parties have already briefed very similar issues, and this court held a hearing during which the Parties were invited to argue their respective opinions. [#140, #143, #150]. At that time, Plaintiff's opposition to the extension of time was not specific to Dr. Wortzel. Rather, Plaintiff opposed any extension of time for Defendant to designate rebuttal experts as untimely. Therefore, this court will proceed with the substantive consideration of the instant Motion, but specifically warns Defendant that any further failure to comply with the meet and confer requirements of Rule 7.1(a) may lead to the *sua sponte* striking of a motion, without any substantive consideration.

This court finds that good cause exists, as required by Fed. R. Civ. P. 16(b), for the proposed seven-day extension of the deadline to designate rebuttal experts. The decision to grant the requested seven-day extension is soundly within this court's discretion, and the court grants Defendant's motion after fully considering the relevant factors, including: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for

additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence. *See Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). Considering each of these factors, the court sees no basis for denying the seven-day extension. Nonetheless, Defendant is advised that no further extension of the rebuttal expert deadline will be granted absent extraordinary circumstances. Defendant is also advised that he must submit his motion for an IME performed by Dr. Stephen Moe on or before March 29, 2016.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)     Defendant Brady Lovingier's ("Defendant") Motion to Compel Fed. R. Civ. P. 35 Examination [#151] is **DENIED AS MOOT**;

(2)     Defendant Brady Lovingier's Second Motion to Modify the Scheduling Order Regarding Rebuttal Expert Disclosures [#155] is **GRANTED;** and

(3)     The deadline for Defendant to propound a rebuttal expert report addressing pseudobulbar affect disorder is extended up to and including **April 15, 2016**. No further extensions to this deadline will be granted absent extraordinary circumstances.


DATED:  March 22, 2016                                    BY THE COURT:

                                                          s/ Nina Y. Wang_____
                                                          United States Magistrate Judge